UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELCHONON SCHWARTZ,

                              Plaintiff,          Civil Action No.:
                                                      1:23-cv-07485
        -against-

VAULT E&S INSURANCE COMPANY,        **COMPLAINT WITH JURY DEMAND**

                              Defendant.
------------------------------------------------------------------X

      Plaintiff, **ELCHONON SCHWARTZ**, by his attorneys, **GREENBLATT AGULNICK KREMIN P.C.**, for its complaint against the Defendant VAULT E&S INSURANCE COMPANY, alleges as follows:

## THE PARTIES

      1.    Plaintiff ELCHONON SCHWARTZ (hereinafter referred to as "Plaintiff") is an individual and resident of the State of New York with a residence located at 1 West End Avenue, PH-A, New York in the county of New York.

      2.    That Defendant VAULT E&S INSURANCE COMPANY (hereinafter referred to as "VAULT" or "Insurance Company") is a corporation duly organized and existing under the laws of the State of Florida with its principal offices for the conduct of business located at 300 First Avenue South, Suite 401, St. Petersburg, Florida 33701, and with offices and an agent for the service of process located at 199 Water Street, 23rd floor, New York New York 10038.

## JURISDICTION AND VENUE

      3.    VAULT, its subsidiary, broker and/or agent is an insurance company licensed, admitted, engaging in, and/or authorized to engage in the business of liability and casualty insurance, with offices for the transaction of business located within the State of New York.

4. At all times hereinafter alleged, Plaintiff owned and had an insurable interest in the real property commonly referred to as 320 Mountain Road, Englewood, New Jersey 07631 in the State of New Jersey (hereinafter referred to as the "Property").

5. Plaintiff brings this action against Defendant Insurance Company with regard to the Defendant's failure to indemnify Plaintiff for his building and/or contents insurance claim following a water damage loss at the Property, which occurred suddenly and accidentally on or about December 26, 2022 (the "Loss"), the facts and circumstances being more fully set forth below.

6. The insurance transaction that is the subject of this lawsuit was located in the State of New York, for the Property located within the State of New Jersey.

7. The matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## RELEVANT FACTS

10. That VAULT, its subsidiary, and/or agent, for good and valuable consideration and a premium paid, issued and/or reissued to Plaintiff a Commercial insurance policy, including endorsements and amendments thereto which became a part of said policy, bearing the policy number HO100196130 (the "Policy"), whereby it insured the Property against all risks of loss to certain specified perils in the limits contained therein, including, inter alia, physical loss from water damage. The policy was signed by the authorized agents of the Defendant, its subsidiary, and/or agent and in effect on the date of the Loss.

11.     Pursuant to the policy, Defendant VAULT, its subsidiary, and/or agent agreed to insure the Plaintiff for a term of one (1) year, and in effect on December 26, 2022, against loss of property caused by inter alia physical loss from water damage. The Defendant, its subsidiary, and/or agent, during the policy term, agreed to indemnify the Plaintiff against loss or damage sustained by inter alia physical loss from water damage.

12.     On or about December 26, 2022, while the insurance policy was in full force and effect, water damage at the Property occurred, which resulted in extensive damages to the Property, improvements, and contents therein.

13.     By reason of the above-mentioned occurrence, Plaintiff sustained physical loss to the Property and other losses, in an amount to be determined at trial but believed to be in excess of three million five hundred thousand dollars ($3,500,000.00).

14.     The Plaintiff notified the Defendant Insurance Company, its subsidiary, its employees, or agents of the water damage and resulting damage to the aforementioned property and of the loss sustained thereby, as soon as was practicable after the Loss.

15.     The Plaintiff has submitted to the Defendant's request for a complete examination of all the facts and circumstances surrounding the loss, to the extent that such was requested by Defendant, including an examination under oath held in the County of New York, State of New York.

16.     That Plaintiff has satisfied all conditions precedent to the instant suit.

17.     At all times mentioned, the Plaintiff has not obtained any other insurance upon the described property.

18.     In response to the Loss and insurance claim, Insurance Company has wrongfully denied coverage, refused to make payment, and rescinded the commercial policy in bad faith, by

way of letter dated August 2, 2023 (the "Rescission Letter"), a copy of which is annexed hereto and incorporated by reference as EXHIBIT A.

19. That the Denial Letter is predicated upon allegations regarding misrepresentations in answering the questions in the application, which were either immaterial to the application questions, immaterial to the issuance of the Policy, or were subject to waiver and/or estoppel, in that the alleged basis for the misrepresentation was known and documented for no less than ten (10) months prior to the rescission in the Rescission Letter.

20. That Defendant VAULT conducted a "Risk Evaluation Report" on the Property on or about October 23, 2022, copy of which is annexed hereto and incorporated by reference as EXHIBIT B.

21. That in the risk evaluation report it was noted that the Property was not equipped with a "central reporting fire alarm" and a "central reporting burglar alarm" evidencing the fact that the basis for the rescission was long known by Defendant, and no timely action was taken to rescind or otherwise.

22. That as a result of Defendant's actual knowledge of the alleged basis for rescission and failure to take action, Defendant has waived those grounds for rescission and is estopped from denying the existence of the Policy and has forfeited any right to do so.

23. That further, the content of the Risk Evaluation Report was written so as to lull a reasonable insured into inactivity, in that, *inter alia,* the Risk Evaluation Report references only that the lack of certain alarm systems affects premium credits applied and does not reference in any way that the Policy itself or coverage required further action to avoid being voided.

24. That Defendant had an obligation to rescind within a reasonable period of time after having actual full knowledge of the facts and circumstances forming the alleged basis for rescission, and in an opportunistic and suspect manner failed to do so.

25. The Plaintiff made no material misrepresentations.

26. That the instant claim should have been a routine and covered claim, but it is the pattern and practice of the Insurance Company and its agents to first deny claims or seek grounds to rescind, regardless of the specious and incredulous nature of the denials and attempted rescission.

27. That Plaintiff rejects the Defendant's attempt to rescind and has not cashed the premium check tendered.

28. That Insurance Company has failed to and/or refused to indemnify the Plaintiff for his total loss in an amount to be determined at trial but believed to be in excess of three million five hundred thousand dollars ($3,500,000.00), although a demand has been made.

29. By reason of Defendant's contractual undertaking to Plaintiff pursuant to the Policy to properly evaluate and pay claims thereunder to the extent of Plaintiff's loss up to the limits prescribed by the Policy, Defendant owed and continues to owe Plaintiff the duties of good faith and fair dealing in connection with the parties' contractual relationship.

30. In accordance with the aforesaid duties of good faith and fair dealing, Defendant was and is prohibited from undertaking any act which would have the effect of injuring or destroying Plaintiff's rights deriving from their contractual relationship with Defendant under the Policy.

31. By failing to pay Plaintiff under the Policy to the full extent of Plaintiff's loss up to the limits of the Policy, despite legal precedent, statutory authority, and/or contractual obligations,

and by conducting an investigation with a goal of finding a basis to avoid coverage under the Policy, and when no such basis existed, rescinded the Policy based upon alleged facts long known to the Defendant and documented in a report by the Defendant more than ten months prior to the Rescission Letter, Defendant acted in bad faith and breached the duties of good faith and fair dealing owed to Plaintiff.

32. Defendant's actions toward Plaintiff are part of a pattern and practice by Defendant to sell insurance policies to property owners, and then subsequently take the position, that, under its latest interpretation, there is no coverage under the circumstances without sufficient factual basis or logical explanation, and with a disregard for Defendant's burden and well settled law, effectively denying or hindering the processing of legitimate claims.

33. Defendant regularly denies otherwise legitimate claims setting forth frivolous grounds for the denial, contrary to fact, common sense, and causation.

34. Defendant's outrageous actions demonstrate that degree of bad faith evincing a disingenuous, dishonest failure to carry out a contractual obligation.

35. The Defendant has failed to and/or refused to indemnify the Plaintiff for his total Loss in an amount to be determined at trial but believed to be in excess of three million five hundred thousand dollars ($3,500,000.00), although a demand has been made.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT AS AGAINST
## VAULT E&S INSURANCE COMPANY

36. Plaintiff repeats and re-alleges all paragraphs and allegations set forth in this complaint as if fully and completely set forth herein.

37. By, *inter alia*, failing to pay Plaintiff under the Policy to the full extent of Plaintiff's loss and by rescinding the Policy by way of the Rescission Letter, Defendant has breached its obligation under the Policy with regard to the loss caused by water damage.

38. As a result of Defendant VAULT's breach, Plaintiff has been damaged in an amount to be determined at trial but believed to be in excess of three million five hundred thousand dollars ($3,500,000.00), plus appropriate interest of nine percent (9%) from the date of the Loss.

39. As a further result of Defendant's breach and bad faith, Plaintiff has suffered additional consequential damages in an amount to be determined at the time of trial, and pursuant to the Bi-Economy Market, Inc. v. Harleysville Insurance Company of New York line of cases, but believed to be in excess of one million dollars ($1,000,000.00).

40. That consequential damages were at all times foreseeable, in that it is foreseeable that an insured will suffer additional losses when the insurer denies a claim in bad faith.

41. That it is both expected and foreseeable that Plaintiff will sustain damages including the loss of use and enjoyment of the property beyond any indemnity that would have been provided under the Policy, inability to make repairs thus lowering the value of the property, the need to procure alternative funds and the opportunity costs associated with the procurement/use of alternative funds, and potential additional living expenses.

42. That was both expected and foreseeable that Plaintiff will sustain damages including the loss of use and enjoyment of the property, loss of business income, inability to make repairs thus lowering the value of the property, the need to procure alternative funds, opportunity costs and additional living expenses.

**WHEREFORE**, Plaintiff **ELCHONON SCHWARTZ,** demands judgment against VAULT E&S INSURANCE COMPANY as follows:

a. Under the FIRST CAUSE OF ACTION, damages in an amount to be determined at trial but believed to be in the amount of three million five hundred thousand dollars ($3,500,000.00), plus appropriate interest, plus consequential damages directly resulting from VAULT E&S INSURANCE COMPANY's breach in the amount of one million dollars ($1,000,000.00).

b. Appropriate interest, the costs and disbursements of this action, reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

c. **PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

Dated:   Melville, New York
         August 15, 2023

Yours, etc.,

**GREENBLATT AGULNICK KREMIN P.C.**

By: _____
Scott E. Agulnick, Esq. (SA1880)
*Attorneys for Plaintiff*
**ELCHONON SCHWARTZ**
510 Broadhollow Road, Suite 303
Melville, New York 11747
Tel: (718) 352- 4800
Fax: (718) 732- 2110

Defendant's Address:

Legal Department
**VAULT E&S INSURANCE COMPANY**
199 Water Street, 23rd floor
New York New York 10038

Civil Action No: 1:23-cv-07485
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELCHONON SCHWARTZ,

                      Plaintiff,

                  -against-

VAULT E&S INSURANCE COMPANY,

                      Defendant.

## COMPLAINT WITH JURY DEMAND

### GREENBLATT AGULNICK KREMIN P.C.

*Attorneys for PLAINTIFF(S)*
*Office and Post Office Address, Telephone*
510 Broadhollow Road, Suite 303
Melville, New York 11747
Tel:   (718) 352- 4800
Fax:   (718) 732- 2110

**"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"**

To:
Attorney(s) for *DEFENDANT(S)*

### Certification pursuant to FRCP 11

It is hereby certified that, to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper and/or the contentions herein are not frivolous as defined in FRCP 11.

    08/15/2023                                 _____
      Dated                                 SCOTT E. AGULNICK, ESQ. (SA1880)

Service of a copy of the within                              is hereby **admitted**

..................................................................................................................
                                Attorney(s) for