UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
ELCHONON SCHWARTZ,

                        Plaintiff,

  -against-

VAULT E&S INSURANCE COMPANY,

                       Defendant.
---------------------------------------------------------X

Civil Action No.: 1:23-cv-07485

**DEFENDANT VAULT E&S INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Vault E&S Insurance Company ("Vault"), by and through their counsel, Clausen Miller P.C., answers Plaintiff's Complaint as follows:

## RESPONSE TO THE PARTIES

1. Vault denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Vault denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

## RESPONSE TO JURISDICTION AND VENUE

3. Vault admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Vault denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Vault denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Vault denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. The allegations contained in Paragraph 7 of Plaintiff's Complaint involve issues of law, which are respectfully reserved for determination by the Court. To the extent a response is required, Vault denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. The allegations contained in Paragraph 8 of Plaintiff's Complaint involve issues of law, which are respectfully reserved for determination by the Court. To the extent a response is required, Vault denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. The allegations contained in Paragraph 9 of Plaintiff's Complaint involve issues of law, which are respectfully reserved for determination by the Court. To the extent a response is required, Vault denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

## RESPONSE TO RELEVANT FACTS

10. Vault denies the allegations contained in Paragraph 10 of Plaintiff's Complaint, except admits that Vault issued Policy Number HO100196130 (the "Policy") to Plaintiff, which policy is itself the best evidence of its terms, conditions, exclusions, and limitations, which are expressly pled as if copied herein in their entirety; any allegations of fact or law which purport to modify, extend, alter, or otherwise vary the terms, conditions, and limitations of said policy are expressly denied.

11. Vault denies the allegations contained in Paragraph 11 of Plaintiff's Complaint, except admits that Vault issued Policy Number HO100196130 to Plaintiff, which policy is itself the best evidence of its terms, conditions, exclusions, and limitations, which are expressly pled as if copied herein in their entirety; an allegations of fact or law which purport to modify, extend, alter, or otherwise vary the terms, conditions, and limitations of said policy are expressly denied.

12. Vault denies the allegations contained in Paragraph 12 of Plaintiff's Complaint, except admits that Vault issued Policy Number HO100196130 to Plaintiff, which policy is itself the best evidence of its terms, conditions, exclusions, and limitations, which are expressly pled as

if copied herein in their entirety; an allegations of fact or law which purport to modify, extend, alter, or otherwise vary the terms, conditions, and limitations of said policy are expressly denied.

13. Vault denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Vault denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Vault admits the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Vault denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Vault denies having knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Vault denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Vault denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Vault denies the allegations contained in Paragraph 20 of Plaintiff's Complaint and refers to Vault's Risk Evaluation Report, which speak for itself.

21. Vault denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Vault denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Vault denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Vault denies the allegations contained in Paragraph 24 of Plaintiff's Complaint. To the extent Plaintiff's allegations involve issues of law, they are respectfully reserved for determination by the Court.

25. Vault denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Vault denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Vault denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Vault denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Vault denies the allegations contained in Paragraph 29 of Plaintiff's Complaint, except admits that Vault issued Policy Number HO100196130 to Plaintiff, which policy is itself the best evidence of its terms, conditions, exclusions, and limitations, which are expressly pled as if copied herein in their entirety; an allegations of fact or law which purport to modify, extend, alter, or otherwise vary the terms, conditions, and limitations of said policy are expressly denied. To the extent Plaintiff's allegations involve issues of law, they are respectfully reserved for determination by the Court.

30. The allegations contained in Paragraph 30 of Plaintiff's Complaint involve issues of law, which are respectfully reserved for determination by the Court. To the extent a response is required, Vault denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Vault denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Vault denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Vault denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Vault denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Vault denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## RESPONSE TO FIRST CAUSE OF ACTION
## BREACH OF CONTRACT AS AGAINST VAULT E&S INSURANCE COMPANY

36. Vault repeats and reasserts its answers to Paragraphs 1 through 35 as if fully set forth at length herein.

37. Vault denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. Vault denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. Vault denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Vault denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Vault denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42.     Vault denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.

**WHEREFORE**, Vault hereby demands judgment dismissing Plaintiff's Complaint with prejudice, awarding it the costs and disbursements of this action, and granting such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

43.     Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

44.     Plaintiff's claims are subject to all of the terms, conditions, provisions, limitations, requirements and exclusions of the Policy that was effective from August 30, 2022, to August 30, 2023. The Policy speaks for itself and is the best evidence of its terms, conditions, provisions, limitations, requirements, and exclusions that are specifically pled herein by reference. To the extent that the Plaintiff's claims do not comply with the terms, conditions, provisions, limitations, requirements, and exclusions of the Policy, there is no coverage for the Plaintiff's claims.

### THIRD AFFIRMATIVE DEFENSE

45.     The Policy provides, in pertinent part, as follows:

**PART IV – GENERAL CONDITIONS**

**A.**  Concealment or Fraud

We provide no coverage for loss if, whether before or after a loss, you or an **insured person** has:

1. Intentionally concealed or misrepresented any material fact or circumstance;
2. Engaged in fraudulent conduct; or
3. Made material false statements;
relating to this Insurance.

46. To the extent Plaintiff "[e]ngaged in fraudulent conduct" or "[m]ade material false statements" "relating to this insurance", including but not limited to Plaintiff's application for insurance at issue in this lawsuit, in the negotiations therefor, or in the presentation of the claim, there is no coverage under the Policy.

## FOURTH AFFIRMATIVE DEFENSE

47. The Policy provides, in pertinent part, as follows:

**PART IV – GENERAL CONDITIONS**

***

**E.** Inspection

We have the right, but are not obligated, to inspect the residence and insured property as often as we reasonably require in order to:
1. Verify and update current valuations;
2. Provide reports to you on the conditions we find; and
3. Make recommendations and/or requirements.

You agree and have the responsibility to:
1. Allow the inspections; and
2. Agree to our requirements.

48. To the extent that Plaintiff failed to comply with the requirements and conditions set forth in the "Inspection" provision of the Policy, there is no coverage under the Policy.

## FIFTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred in their entirety due to Plaintiff's failure to meet a condition precedent to coverage under the Policy.

6

## SIXTH AFFIRMATIVE DEFENSE

50. Plaintiff's claims are barred in their entirety as the Vault Policy was void *ab initio* due to the Plaintiff's material misrepresentations of fact during the application process.

## SEVENTH AFFIRMATIVE DEFENSE

51. The Policy provides, in pertinent part, as follows:

**E. Exclusions**

The following applies to **PART II – PROPERTY**. We do not cover loss or damage that is caused directly or indirectly or which ensues from or is the result of any of the following, unless otherwise stated. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

*** 

20. Freezing

We do not cover any loss caused by freezing of or to a plumbing, heating, or air conditioning system, automatic fire protective sprinkler system, or a household appliance, nor by discharge, leakage, or overflow from such systems if the **residence** is **vacant** or **unoccupied**, under construction, or being remodeled, unless you have reasonable care to:

   **a.** Maintain heath throughout the **residence**; or
   **b.** Shut off and drain all systems and appliances of water.

52. The Policy further provides, in pertinent part, as follows:

**PART I – DEFINITIONS**

***

**Unoccupied** means when the residence is uninhabited for 30 or more consecutive days.

53. The Policy further provides, in pertinent part, as follows:

**PART I – DEFINITIONS**

***

> **Vacant** means that the residence has been substantially empty of contents for more than thirty (30) consecutive days at the time of a covered loss.

54. To the extent that the Property was "vacant" or "unoccupied", and Plaintiff failed to use reasonable care to "maintain heath throughout the residence" or "shut off and drain all systems and appliances of water", the Policy does not provide coverage for losses caused by or resulting from "freezing of or to a plumbing, heating, or air conditioning system, automatic fire protective sprinkler system, or a household appliance, nor by discharge, leakage, or overflow from such systems".

## EIGHTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate, minimize or avoid its alleged losses.

## NINTH AFFIRMATIVE DEFENSE

56. Vault affirmatively asserts that the United States District Court for the Southern District of New York is the improper venue in which to bring and/or maintain this lawsuit.

## TENTH AFFIRMATIVE DEFENSE

57. Vault affirmatively asserts that the laws of the State of New Jersey apply to this action as the Insured Property is located in the State of New Jersey and the contract of insurance is specified as a New Jersey Policy.

## ELEVENTH AFFIRMATIVE DEFENSE

58. Vault may have additional affirmative defenses that cannot be articulated due to the generality of Plaintiff's Complaint, the failure of Plaintiff to provide information about the underlying actions or claims, the absence of insurance documents, and/or the state of this litigation. Accordingly, Vault reserves its right to supplement the foregoing and to assert

additional affirmative defenses as may appear after the claims are particularized, and after discovery of information concerning the matters set forth in Plaintiff's Complaint.

**WHEREFORE**, Vault hereby demands judgment dismissing the Complaint as against them together with the costs and disbursements of this action, and for such other, further and different relief as this Court may deem just, equitable and proper.

Dated: November 21, 2023
New York, New York

Respectfully submitted,

_____
Thomas D. Jacobson
CLAUSEN MILLER, PC
28 Liberty Street, 39th Floor
New York, New York 10005
Phone (212) 805-3957
Fax (212) 805-3939
tjacobson@clausen.com
*Attorneys for Defendant Vault E&S Insurance Company*